Per Curiam.

Petitioner claims that his mother went to the clerk’s office to get his records and the only records given to her were those relating to the check count under No. 7704. On this basis, he instituted the present action, claiming that there is no record of any grand larceny charge against him.
In this case, petitioner’s contention is completely refuted by the evidence and the record. Information No. 7703 charged petitioner with grand larceny. Information No. 7704 charged petitioner with two counts of issuing checks to defraud. Two written waivers of prosecution by indictment and a waiver of counsel, one relating to information No. 7703 and the other to information No. 7704, were executed by petitioner.
The journal entry of the court reads in part as follows;
*17 “Now comes the prosecuting attorney on behalf of the state, in case No. 7703 and case No. 7704, said cases having been consolidated by the court to carry case No. 7704, and the defendant appearing in open court, and having been advised by the court of the nature of the charges against him and of his rights under the Constitution, waived in writing his right to be represented by counsel and waived in writing and in open court, prosecuting by indictment and requested and consented that the charges proceed by information instead of indictment and thereupon entered a plea of ‘guilty’ to the charges contained in the information.”
In view of the above-recited evidence and the record of the journal entry of the court, the state has affirmatively proved that petitioner was afforded all his constitutional rights, and there is no basis for his release by habeas corpus.
Petitioner claims that he was in jail at the time the grand larceny occurred for which he was charged. This is a matter of defense and is not cognizable in habeas corpus. In re Poage, 87 Ohio St., 72; and Brown v. Maxwell, Warden, 174 Ohio St., 29.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.